# UNITED STATES DISTRICT COURT
for the
### Eastern District of Kentucky
### Frankfort Division

| | |
|---|---|
| James L. Hoskins<br>    *Plaintiff*<br><br>v.<br><br>Equifax Information Services, LLC<br>    *Defendant*<br>Serve:<br>    Corporation Service Company<br>    421 West Main Street<br>    Frankfort, KY 40601 | )<br>)<br>)<br>)   Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT and DEMAND FOR JURY TRIAL

    1.    This is a complaint for damages for Defendant Equifax Information Services, LLC ("Equifax")'s violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

    2.    Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Trimble County, Ky., which is located within this District.

### PARTIES

    3.    Plaintiff James L. Hoskins is a natural person who resides in Trimble County, Ky. Mr. Hoskins is a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1681a(c).

    4.    Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

## ALLEGATIONS

5. On March 1, 2007, the Department of Revenue of the Commonwealth of Kentucky recorded a Notice of State Tax Lien (the "Tax Lien") with the County Clerk of Trimble County, Kentucky against Mr. Hoskins. A true and accurate copy of the Tax Lien is attached hereto as Exhibit "A."

6. The Tax Lien related to unpaid state taxes owed by Mr. Hoskins to the Commonwealth of Kentucky.

7. Sometime after March 1, 2007 Equifax acquired the information that the Kentucky tax lien had been filed against Mr. Hoskins.

8. Upon receiving notice of the Tax Lien, Mr. Hoskins promptly paid the unpaid taxes he owed to the Commonwealth of Kentucky in full.

9. On April 6, 2007, the Department of Revenue of the Commonwealth of Kentucky recorded a Certificate of Release of Tax Lien (the "Tax Lien Release") with the County Clerk of Trimble County, Kentucky which stated in pertinent part that Mr. Hoskins "has satisfied the indebtedness with respect to the taxes, penalties, interest, and costs that accrued thereto." A true and accurate copy of the Tax Lien Release is attached hereto as Exhibit "B."

10. On January 17, 2017, Mr. Hoskins obtained a copy of his consumer credit report from Defendant Equifax which credit report inaccurately reported the Tax Lien was not released and with a positive balance.

11. The recorded Tax Lien, and Tax Lien Release, are public records freely and readily available to Equifax, and at all relevant times to this complaint were available to Equifax.

12. Even though the Tax Lien had been released, Equifax negligently or willfully failed to update the information it reported, and continues to report, on Mr. Hoskins consumer credit report, to accurately reflect that the Tax Lien had been paid and released.

13. As a result of Equifax's negligent or willful failure to update Mr. Hoskins'

consumer credit report and instead report inaccurate credit information concerning Mr. Hoskins and the released Tax Lien, Equifax incorrectly reported to numerous creditors and potential lenders that the Tax Lien remained unpaid and unreleased and had a positive balance due for almost ten years after it had been released.

14. As a result of the inaccurate credit information reported by Equifax due to its negligent or willful failure to maintain reasonable procedures to assure maximum possible accuracy, Mr. Hoskins was denied credit and financing, or received credit on less favorable terms, because of inaccurate credit information published by Equifax in connection with the Tax Lien. In particular, Equifax falsely and incorrectly published to one or more of its subscribers and users of its consumer reports that the Tax Lien was not paid and released and that a positive balance was still owed on the Tax Lien.

15. Equifax's reporting of the Tax Lien as unpaid and unreleased was inaccurate in violation of the FCRA, 15 U.S.C. § 1681e(b). Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Mr. Hoskins' credit reports and credit files it publishes and maintains concerning Mr. Hoskins. If Equifax had reasonable procedures in place, Equifax would have discovered that the Commonwealth of Kentucky had recorded the Tax Lien Release *before* publishing Mr. Hoskins' credit report to its subscribers and users of its consumer reports in connection with Mr. Hoskins' loan and credit applications.

16. Equifax failed to maintain reasonable procedures designed to avoid violations of the FCRA in connection with publishing credit information concerning Mr. Hoskins and the Tax Lien.

17. Upon information and belief, Equifax has a routine, systematic procedure to carefully gather and report derogatory tax liens and other liens entered against consumers in the consumer reports that they furnish to users of their consumer reports, but does not have such routine, systematic procedures to gather and report information from the same courts for tax liens and other liens when they become paid and released and to assure maximum possible accuracy.

18. Equifax's negligent or willful failure to maintain the necessary procedures to assure maximum possible accuracy and use the same care in updating the derogatory information for Mr.

Hoskins tax lien when such tax lien had been released to assure maximum possible accuracy, Equifax reported materially false and inaccurate negative credit information concerning Mr. Hoskins paid, released Tax Liens.

### CLAIMS AGAINST EQUIFAX INFORMATION SERVICES, LLC

19. Plaintiff James L. Hoskins restates each of the allegations in the preceding paragraphs as if fully set forth herein.

20. Equifax Information Services, LLC ("Equifax") violated 15 U.S.C. § 1681e(b) by negligently or willfully failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of consumer reports it published to its subscribers and users of its consumer reports concerning Mr. Hoskins and the Tax Lien.

21. Equifax's conduct, actions and inactions were negligent or willful, rendering Equifax liable under 15 U.S.C. § 1681n for actual, statutory, and punitive damages, along with attorney's fees and costs. Equifax was on clear notice that the failure to update public records with respect to judgments was problematic for Equifax. Other lawsuits raising the same issue has been filed against Equifax in this and other jurisdictions for the same failure.

22. In the alternative, Equifax's conduct, actions and inactions were negligent rendering Equifax liable under 15 U.S.C. § 1681o for actual damages, along with attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James L. Hoskins requests that the Court grant him the following relief:

1. Award the maximum amount of statutory damages against Defendant under 15 U.S.C. §1681n;

2. Award Plaintiff Attorney's fees, litigation expenses and costs;

3. Award Plaintiff actual damages against Defendant under 15 U.S.C. §1681n or, in the alternative, under 15 U.S.C. § 1681o;

4.       Award Plaintiff punitive damages against Defendant under 15 U.S.C. § 1681n;

5.       A trial by jury; and

6.       Any other relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:  (502) 473-6561
james@kyconsumerlaw.com

James R. McKenzie
*James R. McKenzie Attorney, PLLC*
115 S. Sherrin Avenue, Suite 4
Louisville, KY 40207
Tel:   (502) 371-2179
Fax:  (502) 257-7309
jmckenzie@jmckenzielaw.com